IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BALDWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-0801-CV-W-HFS |
| | ) | |
| HARLEY-DAVIDSON MOTOR | ) | |
| COMPANY GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM TO COUNSEL**

The parties have reported a discovery dispute regarding three requests for production of documents served by plaintiff, which defendant maintains were untimely and need not be answered. Federal Rule of Civil Procedure 34(b)(2)(A) provides that a party served with a request for production has 30 days to respond. The scheduling order, entered July 8, 2009, states: "All discovery should be commenced and served in time to be completed on or before October 2, 2009." ECF doc. 30. Therefore, all timely discovery had to be served by September 2, 2009.

Defendant responded to plaintiff's first three requests for production, producing responsive documents in August. Plaintiff came to the office of defendant's counsel to review those documents on August 21, 2009. Subsequently, plaintiff served defendant with three additional requests for production of documents, on September 15, 2009, September 22, 2009, and September 28, 2009, and filed certificates of service. ECF docs. 53, 56 and 58. Plaintiff asserts that in reviewing documents produced in the first round of discovery, he learned new information that led to the filing of the requests at issue. Although he acknowledges that the requests are untimely, he argues that defendant should have to produce the documents because they are critical to his case. Plaintiff did

not file a motion to extend the discovery deadline prior to its closing on October 2, 2009. Defendant maintains that it is not required to respond to untimely discovery, and that, moreover, many of the new requests are onerous and over broad.

Plaintiff complains that his lateness is attributable to defendant taking the full 30 days to respond to his original requests. But plaintiff reviewed the documents from which his recent requests are derived on August 21, 2009 – a full 12 days before the deadline for serving timely discovery. That is more than enough time for a diligent litigant to formulate and serve additional discovery. Moreover, plaintiff had notice of the discovery deadline and the need to serve discovery requests in time to be completed by that deadline. Given these facts, the court finds no extraordinary circumstances to compel defendant to answer plaintiff's three untimely requests for production of documents.

In another discovery matter, on September 22, 2009, plaintiff filed a document titled "Notice to the Courts." ECF doc. 55. Although docketed as a notice of filing, on further review, the document appears to seek permission to use documents produced under a protective order in this case, in a case pending before another division of this court. Any such request must be made in the form of a motion, so that defendant may respond.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

October  26 , 2009

Kansas City, Missouri

2