IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BALDWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-0801-CV-W-HFS |
| | ) | |
| HARLEY-DAVIDSON MOTOR | ) | |
| COMPANY GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Various procedural motions are on file. Several relate to the parties' summary judgment filings. Plaintiff filed a motion to amend his summary judgment documents and material that were "mistakenly neglected." (ECF doc. 70). The motion itself contains arguments, and 37 pages of exhibits are attached. Defendant opposes the motion, stating that the filing is untimely. In the interest of a complete record, the motion to amend will be granted. Plaintiff also filed a motion for leave to file out of time what appear to be his reply suggestions in support of his motion for summary judgment. (ECF doc. 81). The motion and the reply itself were filed on December 4, 2009, before the reply deadline. Thus, the motion was unnecessary and will be denied as moot. In addition, plaintiff filed a motion for extension of time, relating to exhibit inspection and the proposed pretrial order deadlines. (ECF doc. 85). The motion was unopposed and will be granted.

Also on file is plaintiff's motion for leave to file out of time his suggestions in opposition to defendant's motion for summary judgment. (ECF doc. 86). The proposed opposition and exhibits were filed as attachments to the motion. Defendant opposes the motion because it was filed more than 3 weeks after the deadline. While the court has grown weary of plaintiff's late filings, the

motion for leave will be granted, again in the interest of a complete record. The clerk's office will be directed to file the opposition and exhibits, and defendant may then file a reply. Next, plaintiff filed a motion to amend his witness and exhibit list. (ECF doc. 88). The motion is not specifically opposed. In any event, the motion is reasonable and will be granted.

Defendant filed a motion for sanctions against plaintiff based on his refusal to participate in good faith in the drafting of a joint proposed pretrial order. (ECF doc. 95). The motion recounts at length the difficulties defendant's attorneys had in working with plaintiff. Defendant asserts that over the course of a month, plaintiff several times requested changes and agreed to sign the proposed pretrial order, only to return with more changes, some of them significant. The motion asserts that plaintiff refused to signed what was to be the final version. Defendant asks that the court dismiss the case as a sanction, or in the alternative, relieve it of further obligation in connection with the pretrial order. In his opposition to the motion, plaintiff contends that defendant did not make various changes that he suggested and understood would be made to the proposed pretrial order. At this juncture, the court is not inclined to dismiss the case as a sanction and will deny the motion. Ultimately, plaintiff did sign the final joint proposed pretrial order, which was subsequently filed with the court. Prior to signing, plaintiff had filed a motion requesting separate proposed pretrial orders. (ECF doc. 96). That motion will be denied as moot.

Plaintiff also filed a motion for reconsideration of the court's previous denial to appoint counsel. (ECF doc. 97). As noted in the prior order on this issue, if the case survives summary judgment and goes to trial, the court may consider appointing counsel to assist plaintiff in some fashion. At this point, the parties' motions for summary judgment are still under review and consideration by the court. Therefore, the renewed request for counsel is premature and will be

2

denied.

Most recently, plaintiff filed a motion to transfer this case to another judge. (ECF doc. 109). He argues that because he is requesting a jury trial and I am not currently conducting jury trials, the case should be transferred. Cases are regularly transferred between judges at various stages, and it is not uncommon for one judge to handle the pretrial matters including summary judgment motions and for another judge to preside over the trial. The court finds no basis for transferring the case at this time. Thus, the motion will be denied.

Lastly, the court notes that its staff has received several calls from plaintiff inquiring about the status of the case and also requesting a conference call as to status. This order should answer most questions about the case's status. The court understands that plaintiff is anxious for a resolution to his case and, as noted above, the court is in the process of considering the summary judgment motions. Additional calls will not serve to expedite that process. Also, the court does not plan to conduct any conference calls.

Accordingly, it is hereby

ORDERED that plaintiff's motion to amend his summary judgment documents and material (ECF doc. 70) is GRANTED. It is further

ORDERED that plaintiff's motion for leave to file out of time his reply in support of his summary judgment motion (ECF doc. 81) is DENIED as moot, as the reply was timely filed. It is further

ORDERED that plaintiff's motion for extension of time (ECF doc. 85) is GRANTED. It is further

ORDERED that plaintiff's motion for leave to file out of time his opposition to defendant's

3

motion for summary judgment (ECF doc. 86) is GRANTED. The clerk's office is directed to file plaintiff's opposition and exhibits, which were attached and filed as Exhibits 1 and 2 to the motion. It is further

ORDERED that plaintiff's motion to amend his witness and exhibit list (ECF doc. 88) is GRANTED. It is further

ORDERED that defendant's motion for sanctions against plaintiff (ECF doc. 95) is DENIED. It is further

ORDERED that plaintiff's motion requesting separate proposed pretrial orders (ECF doc. 96) is DENIED as moot. It is further

ORDERED that plaintiff's motion for reconsideration of the court's previous denial to appoint counsel (ECF doc. 97) is DENIED. It is further

ORDERED that plaintiff's motion to transfer the case (ECF doc. 109) is DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

August  19 , 2010

Kansas City, Missouri