IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CHRISTOPHER BALDWIN,            )
                                )
           Plaintiff,           )
                                )
v.                              )   Case No.: 08-0801-CV-W-HFS
                                )
HARLEY-DAVIDSON MOTOR           )
COMPANY GROUP, INC.,            )
                                )
           Defendant.           )

**MEMORANDUM AND ORDER**

Plaintiff appearing *pro se*, sues his former employer for alleged racial discrimination in his discharge in April 2008, and adds claims of racial harassment and retaliation. Although defendant's motion for summary judgment has been fully briefed for almost a year, ruling the legal issues is not difficult. Plaintiff has a long and involved story of alleged mishandling of his employment rights and (in a separate case) his right to representation by his union. As will be discussed, the racial discrimination material is so thin that it cannot survive summary judgment (and would not be submissible to a jury at trial). While the claim clearly lacks legal merit under the applicable laws, my ruling for defendant is not inconsistent with plaintiff's view that he has been badly treated – which may or may not be true. A *pro se* plaintiff's strong belief, no matter how sincere, that he has been wronged, does not ultimately survive in court unless the conduct violates the laws that I am responsible for enforcing. See, e.g., Mlnczak v. Bodman, 442 F.3d 1050, 1058 (7th Cir. 2006); Cornwell v. Electra Central Credit Union, 439 F.3d 1018, 1029 fn. 6 (9th Cir. 2006).

The pertinent facts set forth in support of defendant's motion (Doc. 64, pp. 1-18) stand essentially unchallenged on the controlling racial aspect, and will only be summarized on key issues.

Uncontroverted facts and some additional contentions by the parties also appear in Doc. 107, pp. 2-12. Beginning three years after his employment, plaintiff was in a number of troubles. He was twice warned for not wearing safety glasses; twice counseled for "anger control, unsatisfactory relationships and communications with work groups"; written up for threatening to "cap everybody" and "blow these motherfuckers away"; allegedly making threats in October 2007; wearing a clean suit in an unauthorized area; having a confrontation with Keith Jackson (another African American) on February 29, 2008, in which he allegedly called Jackson a "fat faggot" and threatened to meet him "after work"; and on March 27, 2008, after another disagreement, dumping Jackson's acetone (perhaps by mistake) and laughing at him. Some ten co-workers signed a statement concerning his conduct. Plaintiff acknowledges various "heated" discussions but denies misconduct.

After the last incident, Jackson complained to management about plaintiff's conduct and plaintiff was "administered Step 4 discipline for threatening another employee and making inappropriate statements" were in violation of Shop Rules and the workplace violence policy. Step 4 discipline results in discharge, which then occurred. Plaintiff filed an EEOC charge based on the discharge and additional issues noted below.

Racial harassment in the workplace was charged by plaintiff because a co-employee, Wayne Sample, had allegedly used the "n" word and had made a negative remark about Martin Luther King and the white icing on a celebratory cake, and was a "negative person all the way around".

A retaliation contention for engaging in protected activity is based on plaintiff's having filed an EEOC charge in July 2007, claiming he had been subjected to different terms and conditions of employment because of race. He did not file a lawsuit, although authorized to do so that month, but contends his discharge was retaliatory.

Plaintiff identified a former supervisor, Matt Orf, and an HR official, Maria Rovirosa, as discriminatory, but ultimately disclaimed the contention as to Ms. Rovirosa. Orf was not plaintiff's supervisor in 2008. Plaintiff contends he and others were "harassed" by Orf but does not identify any racial motivation or discrimination by Orf.

********

Even if plaintiff were permitted to relitigate all his disciplinary problems and convince a fact-finder that discipline was excessive or mistaken, and that the collective bargaining agreement had not been procedurally followed with accuracy, plaintiff's racial discharge claim would fail. The courts cannot second-guess management practices because of disagreement as to fairness. Bissada v. Arkansas Children's Hospital, 639 F.3d 825, 833 (8th Cir. 2011). This case requires proof of racial discrimination, directly or by sound circumstantial evidence. Plaintiff essentially relies only on being an African American in trouble. He does not offer proof or make any specific contention that similarly situated white persons have been retained as employees by the employer, when essentially similar complaints about the conduct of such employees have been reported to it. The test of similarity is "'rigorous'." Bissada, ibid.

Not only does plaintiff lack proof of racial discrimination, he once offered his own view that the employer was trying to get rid of him because of the economy. P. Dep. at 211-212, Doc. 63-1.

The Sample comments, if proved, would not establish a sufficiently severe or pervasive atmosphere of racial ridicule, known to the employer, to be submitted to a jury. Pye v. Nu Aire, Inc., 641 F.3d 1011, 1018-19 (8th Cir. 2011).

The charges to the EEOC more than six months before the 2008 troubles are not close enough in time to the discharge for a jury to treat the discharge as probably retaliatory. The

circumstantial evidence of other motivation intervenes and greatly outweighs that possibility of a retaliatory discharge. Compare, Stewart v. Independent School District No. 196, 481 F.3d 1034, 1044 (8th Cir. 2007).*

Defendant's motion for summary judgment (Doc. 63) is GRANTED. Judgment shall be entered in favor of defendant. SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS
Senior United States District Judge

September  1 , 2011

Kansas City, MO

---

*Closer in time and potentially more significant were plaintiff's HR complaints in December 2007, about Sample and Orf. I understand these related to alleged violations of company policy rather than federal law, were not administratively exhausted with the EEOC and are doubtless time-barred.